Good morning, Your Honors. Richard Groves on behalf of Christopher Ceresko Appellant herein. Just briefly, Your Honors, I'd like to try to summarize exactly what this case is about. And as the Court is fully aware, it's about an award of attorney's fees under the Fair Debt Collection Practices Act and the applicable statute for the award of attorney's fees under that act. This action, the application for attorney's fees was brought under 1692 K 3. The statute says, On a finding by the Court that an action under this section was brought in bad faith and for the purpose of harassment, the Court may award the defendant attorney's fees in relationship to the work expended and the costs. Now, what that means is that to get attorney's fees under that provision, that particular provision of the FDCA, the defendant must show that the plaintiff himself, Mr. Ceresko, personally demonstrated bad faith and that he personally intended to harass the defendant at the time he brought the action. Now, the District Court found — And before you go forward, I think you ought to explain what — who has the original decision- Yes, sir. And what is my standard of review on those particular issues? The standard of review, Your Honor, for factual determinations of an underlying award of attorney's fees, the standard is clear error. Yeah. And even on the other, it's abuse of discretion, isn't it, as to the application of the statute to the situation involved? So the reason I ask you that, it seems to me that Chaudhry v. Galera-Zio says that the only time I'm going to be able to overturn this is when the I can find the District Court just had no factual foundation for what it did. And I think that's what I will demonstrate, Your Honor. Well, and therefore, what you're really saying is that the District Court made this decision, did it not, on three or four different reasons. Well, the District Court cited three or four different reasons. No, I think there was one reason, Your Honor. Well, as I read it, there were three or four. I'm not sure how to characterize one of the reasons. But the District Court, first of all, had in front of it what had happened in this particular case. It seems to me that in this particular case, this was a third FDCPA complaint, that the defendant answered the complaint, that the plaintiff didn't serve any discovery. Didn't otherwise pursue the case. Never disputed paragraph 10. Never disputed the debt. Never disputed the amount of the debt. Isn't that true? That is true. That was the finding of the Court, Your Honor. Well, that's in fact, then, unless you got something clearly erroneous, that seems to back up the first part of what the Court's saying, gee, this guy didn't do anything in this particular case. And then they went on, and he said, not only that, but we've got some cases where this guy has filed in other courts. And in those cases, he says, the same claim was that an allegation or prayer for relief for costs and fees in a state court collection is a false statement. And when you read Cisneros, the Court focused on the fact that the defendant's request for fees was a prayer for relief and not a direct charge to the plaintiff. And when you look at Winn, the magistrate found it was a prayer for relief, a request for a certain amount of fees that did not violate the FDCPA. Therefore, at least those two cases are directly on point as to what the prayer is here. No, they are not, Your Honor. Well, the prayer is exactly the same. The prayer is the same, Your Honor. But the cases which the Court has referenced, Winn and Cisneros, dealt with the same claim. Well, that's all the district court said, that the same claim was that the allegation or prayer for relief for costs and fees is a false statement. They're all about false statements. And in every one of those, he's been turned down, and he should have known better. Well, you know, I understand the Court's position. I respectfully disagree. Oh, that isn't my position. It's just a problem that I have. I've got to give discretion to the poor old district judge, and now I read what he says, and I read the cases, and the prayers are the same. Well, Your Honor, the prayers are the same. But that's the problem. Not only the prayers, but an allegation or prayer. No, Your Honor. And there's three cases. The first case is the Winn case. And that deals with a particular allegation in the prayer of a complaint by the debt collector, the plaintiff in the action. And in that particular case, and I apologize, Your Honor. In the Winn case, there was a prayer for a specific amount of money in the prayer. The action was brought saying that was a violation of the FDCPA, being false or misleading. What the Court determined in that particular case is that was not a violation because it was not pled above the line. It was not in the body of the complaint. And that because it was only in the prayer, it was merely a recommendation to the Court. And that's the reason we're here, because the Court in Winn said that, or they inferred from the way they briefed their opinion, that if that particular allegation had been in the body of the complaint, then in that event, there might have been a different outcome. And further, Your Honor, the case which we're referring to, the first two cases which you have referred to, did not deal with the application of Arizona law, 12-340-101, which deals with the award of attorney's fees. They dealt with the application of Delaware law, and the misstatements or the alleged misstatements were only in the prayer. We have a clear factual distinction in this particular case. In this case, the allegation of violation was in the body of the complaint. 12-341.01 in Arizona says that the prevailing party is entitled to costs and attorney's fees. That is not what was in the complaint. So pursuant with the Winn decision, because it was in the body of the complaint, there was potential liability for a misstatement of the law dealing with attorney's fees. Kennedy, I mean, I understand the arguable distinctions. I have yet to see anything that makes this argument have any traction. The claim that was made strikes me as nonsensical. And the fact that it's not nonsensical in the same way that other claims are found to be nonsensical doesn't really persuade me that this claim was any more sensible than it is. Who in his right mind would take the statement here as being an allegation separate and apart from the merits of a lawsuit? Do you have any authority that supports the proposition that was asserted? There is no authority, Your Honor. There was no authority in the Ninth Circuit and before the case was filed. So what's the logic of the underlying the claim that triggered all of this? Where's the logic in it? The logic, Your Honor, is that the Fair Debt Collection Practices Act is controlled by the least sophisticated consumer. And I understand that the Court thinks it's nonsensical, and I think an attorney would think it's nonsensical. Were you the attorney that filed this case? Yes, I was, Your Honor. You didn't think it was nonsensical at the time? No, I didn't. Because this is really what it comes down to. You filed this complaint, and you should have known it was nonsensical. Why didn't you tell your client, this isn't a good claim? Because I thought it was a good claim. Why? Based upon my reason. Why? You filed that complaint. You tell me why you thought it was a good claim. Because I thought it was a misstatement of the Arizona law in the body of the complaint. And the Wynn case is what I was relying upon at the time I filed it. And further, Your Honor Just because this case didn't throw me out, I think I've got a good claim? Do you have anything affirmative that suggests that you might have a good claim? I believe, Your Honor, that the language in that complaint to the least sophisticated consumer, which is the standard, would have misled or could have misled. And I think that that is a valid cause of action. Now, clearly, that's water under the bridge, and the Court disagreed with me. But at the time that the action was brought, there was no case that said that, either in the Ninth Circuit or in Arizona or, quite bluntly, in any other circuit that I found. So the purpose of the act, and I understand it's a very technical act and it deals with technical violations of the law. The way that was phrased in the body of the complaint, we believed, and subsequently the Court has disagreed, was a violation. Now, it sounds to me like you're articulating a one-free-bite rule, that just because nobody's said no to that before, you can get away with making an allegation. And I'm still waiting for something affirmative that suggests the allegation might have any kind of arguable, colorable merit. Well, I think the act gives it colorable merit, Your Honor, because if the question is, would the least sophisticated consumer have been misled by that particular statement? We never got to a trial, so we don't know exactly what the client thought, apparently, at the time, because the judge granted the motion for summary judgment. Now, what the Court has just said is that the client submitted a declaration saying that I read this and I believed X. Yes, Your Honor. At the time of the filing of the complaint, it was a verified complaint, I believe. And, Your Honor, if I could, you've addressed that saying that I should have advised my client of otherwise, because I am an attorney and I should read these things. And I just wish to point out a distinction here. You know, this action was brought under 1692 K.A. 3. That does not impute my knowledge to my client. They have to show that the client, at the time of the filing the action, was aware that this could only be brought to harass the defendant because there is no legal basis for it. If they feel, or if the Court is addressing a different question, the Court is addressing the question of whether counsel has done something unethical or improper under Arizona law or Federal law. That is not what this particular statute is about. And certainly, if the appellee feels that counsel has, then in that event, they can take appropriate action under that. The only case which specifically has addressed this question was filed approximately three months after the Soresco case, and that was Thompson. Thompson, yes, Your Honor. And I will admit that that case is directly on point, no question. But the point is, Mr. Soresco, the plaintiff, who is the person who has to have the bad faith, could not have known the outcome of the Thompson case at the time. And the mere fact that Mr. Soresco has been involved in other lawsuits in and of itself does not demonstrate bad faith. And, in fact, Mr. Soresco prevailed upon the other lawsuits which were cited. By entering into a by or after filing, you know, he defended a State court action and prevailed. An action was brought on his behalf for violation of the FDCPA because there was no evidence to support the State court action, and the case was dismissed by stipulation of the parties with an award to Mr. Soresco. There is no possible way Mr. Soresco could have formed a requisite bad faith intent at the time he filed this action. There is nothing to support that because there was no case law. If this Court is to do that, I'm sorry, Your Honor. You told him there was a valid cause of action here? I guess I have no question. You know, I'm trying to reconstruct in my mind what I told Mr. Soresco at the time, and obviously it was a long time ago. I have no question. I told him I believe there was a valid cause of action here based upon the Winn decision. I'm also trying to get it in my mind because the district court also do this. The plaintiff filed or you filed for him an FDCPA action on behalf of Mrs. Soresco, and in that you allege there is now due an owing $4,359.94 with interest of zero, false and false, and that's a violation of the Winn principle and interest. Mrs. Soresco voluntarily dismissed that action one week later, right? She did not file. I apologize, Your Honor. First of all, Mr. and Mr. Soresco were not married at that time. I didn't know Mr. Soresco at the time. I represented Mrs. Soresco. Okay. And secondly, she prevailed. Once again, she prevailed on an action in State court. Honest truth is, all I saw was what happened in the Federal court, where it says that she voluntarily dismissed her action and didn't refile. Then the next one I saw was the plaintiff filed a separate FDCPA action on behalf of, this time, Mr. Soresco, and the only thing that they alleged there was they didn't have a proper assignment from the original creditor, and that also was dismissed pursuant to stipulation. Well, Your Honor, Mrs. Soresco is not Mr. Soresco. In fact, I didn't ---- I'm not talking about Mrs. now. Okay. You're talking about Mr. Soresco. Well, he prevailed on an underlying State court action. It was dismissed by the State court. That gave rise to an FDCPA action for bringing an action for which they had no evidence of the alleged debt. And that's what happened in that case. That's simply not the same. I guess the reason that I'm taking you through this, and I'm anxious to listen to what you have to say here, is that I have a standard to review. If your best arguments are the ones you're making, I guess I'm trying to determine now, I'm not saying you're wrong, but I have to say that district court was absolutely wrong. No, I ---- well, I understand we have to find that the district court misapplied the law. Abused is discretion. 13 seconds over, Your Honor. May I finish my answer? Thank you very much. Yes, you have to find the district court misapplied the law to the facts in this case. And I think that's rather ---- I think it's just overwhelming. I think it's just overwhelming. There was nothing ---- Mr. Soresco has filed two actions, one of which he prevailed upon. The causes of action, although they both dealt with ---- well, excuse me. The cases cited all deal with attorney's fees. There are many reasons that you can bring an action for an attorney fee being improper. This was entirely different, and it was in the body of the complaint, which was certainly relied upon at the time of the filing because of the Winn decision and the specific language in Winn which addressed that issue, Your Honor. Thank you. Thank you, Your Honor. Your Honors, good morning, and may it please the Court, I am Tomeo Nerita. I'm here this morning for the defendants in Appellee's L.V. Envy and the Gerstel firm. Counsel is correct that the least sophisticated debtor standard applies, as the Court has so held. And the district court did use that deferential standard when it was evaluating this complaint. In making its ruling, it understood exactly what the least sophisticated debtor would understand, which is that a complaint that is filed in state court by a creditor is a set of allegations. It is aspirational. It is an effort. It is the position of the creditor that the creditor wants to prevail on. It is not a statement that anything has yet been adjudicated. And even the least sophisticated debtor will understand that. They will understand the context that that statement is being made within. And this Court has said that the least sophisticated debtor can read an entire communication and can read it with care, that they have a basic level of understanding. And the distinction that counsel is trying to make between something that appears in the prayer for relief of a state court complaint, I think he called it below the line, which presumably would be above the line, it's a distinction without a difference. This communication is a set of allegations. Kennedy. Well, why is it a distinction without a difference? It's correct that in Wynn, the Court ruled that what happened in the prayer and said that it's not, does not appear in the body of the complaint where the obligations are listed. The Court said that was different, that when it's not in the body of the complaint, it's in the prayer, then you understand that that's what they're asking for. Now, it's – that may not be very important, but it's something that people have a right to read and rely on. I understood, Your Honor. But the point is – And then in your body of the complaint, you say two things. First, you say the prevailing party will be entitled to an award of all costs. Well, that's true. Nothing wrong with saying that. Then you say in the next paragraph, court costs, as actually incurred, are chargeable to defendant. Now, the least sophisticated person is supposed to understand that there's no difference between those two? Yes, Your Honor. In the context of reading the complaint as a whole, the least sophisticated debtor will understand, again, that this entire pleading is an amalgamation of the creditor's position that is pending in a court, a state court, where the entire matter will be adjudicated. The least sophisticated debtor knows that if it – And then, I mean, why do you have to say that? Why don't you just say we're entitled to costs? I think you could – you could say either one, because it would – But you say the prevailing party so that the other party will understand. You're not saying that he has to pay costs and attorney's fees unless he loses. I believe the preceding paragraph makes it clear that the – that Arizona law provides that the prevailing party will be awarded those costs. And then in the next paragraph, you say court costs as actually incurred are chargeable to defendant. I don't understand the purpose of that second paragraph. You know, I'm not the most sophisticated person, but it does raise a question of is that inconsistent or is that designed to be even more helpful? What – I think it's a – Frankly, I'm not – unlike Judge Clifton, I think, I don't think that it's so clear to the least sophisticated person. You know, some people are more sophisticated than others are. But it doesn't seem to me that that second paragraph, a defendant reading this and saying, well, what am I facing here, first he's told that prevailing party gets these things in line, and then in 10, he's told that the court costs actually incurred are going to be charged to him. Well, I think the debtor will know what they're facing, Your Honor. What they're facing is a lawsuit. And there's really only two possible responses when you're served with a lawsuit, Your Honor. You can either file a response and make your defense, or you can ignore it and have your default taken. Those are the only two choices. And the legal language used by your adversary is not going to have any impact on how you respond or understand the complaint as a whole, read as a whole, which this communication must be read. It communicates to the consumer, hey, there's a lawsuit. There's a creditor that says you owe about $1,800. And any consumer will understand what that means. It means they're entitled to have a court adjudicate their position if they come in and participate in the proceedings. I think most unsophisticated people who get complaints are terrified when they get complaints, but they don't really understand what it means. And they read it, and they, you know, they think the worst. They don't know what they're supposed to do. And then they look at all these things that can be done to them. And they don't look at it the way we do when we get a complaint. Although, I must say, when I get a class action and I'm told I'm a member, I don't know what I'm going to do. I usually throw it away because I don't want to go through all of that. Your Honor, you may be exactly right. It's very likely a confusing and terrifying process for anyone to be in when they're behind, and they're behind financially to the point where they're being sued. I don't dispute that. All I'm saying is we have to have a basic level of understanding for our least sophisticated debtor. They know what this is. This is the beginning of a suit. This is my creditor, and these are the things. I may not understand it all. I may not be a lawyer, but I understand that the process has begun, and I need to do something to get it done. You know, a lot of creditors, a lot of debtors get letters first from lawyers. And the purpose of those letters is to scare them into doing something. And those letters aren't always so accurate either, as I think some of the cases in here reflect, the ones that the district judge didn't pay any attention to. But it's not just to tell you in those letters, you know, you may be facing a lawsuit. It's designed to put pressure on you to pay up or else. And some of those things that they tell you to put the pressure on, pay up or else, aren't always accurate. Well, Your Honor, you raise an important distinction, actually, which is the letter cases arise in a totally different context. There, there was no lawsuit at all. There was no pending suit. And the collectors ---- That's what I say precedes the lawsuit. You look at the lawsuit as a very benign thing that the creditor sees and says, oh, or the debtor sees, oh, well, I'm just subject to a lawsuit. I'm saying that's not such a benign thing to the creditor who's received calls, threatening letters, all kinds of things, some of which are accurate, some of which aren't accurate. And then he finally gets the lawsuit. So he doesn't just say, well, oh, I understand. You know, I'm going to have a chance to go to court. I didn't ---- I certainly am not meaning to downplay the effect that a lawsuit might have on a consumer, Your Honor. I didn't mean that. My point is ---- Well, the claim wasn't for a wrongful lawsuit. It was for a particular alleged misstatement. That's correct. And I'll ask you the question. I was told by plaintiff's counsel that there was a ---- I guess it was a verified complaint. But was there any declaration, any statement of any kind by the named plaintiff here that he, in fact, was misled or was injured in some fashion? No, there wasn't, Your Honor.  I don't find a verified complaint in the record. There's a ---- it's ---- you know, there appears a complaint was filed. It's in the docket. I have a copy. It's not verified. And you raise a very important point, which is there is no evidence before ---- that was before the district court as to what the plaintiff was thinking. There's no evidence. Is there any evidence with regard to ---- did plaintiffs say anything with regard to good faith or bad faith? Absolutely none. The hardest piece of this for me may be the clear requirement in the statute in our case law that you need to have a finding of bad faith. And we don't have a lot to work with here. What do you think supports the proposition or supports the apparent finding by the district court that there was bad faith by a plaintiff here or the purpose of harassment? I think step one is that the court found that there was absolutely no legal merit to the complaint that had been filed. That was step one. And I think that's consistent with this Court's decision in Guerrero. Now, Guerrero is not directly on point, but one thing that Guerrero stands for is that if a complaint had minimal, minimal merit, was minimally colorable, I think is the language of Guerrero, then fees are not appropriate under 1692k3. This complaint was not even minimally colorable. So that's certainly one, one part of the test. If a complaint could withstand a summary judgment motion or a motion to dismiss, it would be minimally colorable. This one couldn't. Not only that, three other judges from the state. That's a legal question, I think. And although I appreciate my friend Joe Smith's concern about our standard of review and abuse of discretion, I also know that an abuse of discretion is when there's legal error. And whether this is minimally, minimally meritorious, it seems to me at least, is a question of law. And it's a legal error if this complaint about paragraphs 9 and 10 is not minimally meritorious. And minimally meritorious means what would some least sophisticated consumer think reading paragraph 9 and 10? And that we may have some difference about, but it's still seems to me it's a question of law, and if the district judge got that wrong, it's a legal error and there's an abuse of discretion. I agree, Your Honor. And in the first instance, though, it's a subjective – excuse me, it's an objective standard. Pardon me. In the first instance, it's an objective standard, which means that the district court has the ability to make that ruling. It can find that this is not minimally meritorious. No question. It's objective. They have the ability. And they make an error. We have the ability to reverse it. Understood, Your Honor. And if – I agree that if this Court found that the court below erred in finding that there was no merit to the complaint, then it would be a different – there would be a different story. But this Court should not do so. No court in the country has done so. And it's not even in front of us, is it? It's not. It's not. He did not appeal the ruling granting summary judgment. There's been no appeal of that. So there's really no basis to challenge the Court's finding that this lacked merit. And, Your Honor – Your Honors, I don't want to sit down before addressing one of the other points that was made. Counsel said strenuously in his briefs and also said here in his remarks that in fact his client is insulated because he relied on his counsel and that in essence he's asking you to find that no consumer could ever be subject to fee shifting under the FDCPA if they hired an attorney and relied on their counsel. Two problems with that. Number one, as we discussed earlier, there's absolutely no evidence in the record that that occurred. There's no declaration that recites that the two of these folks sat down and actually spoke about the law and decided to proceed. So there's nothing to support that. However, even if this Court were to presume that that was true, ignorance of the law is not an excuse. In only the second case that the Supreme Court has ever had under the FDCPA, Germon v. Carlisle, decided in 2010, the Court squarely held that a defendant is not entitled to plead ignorance of the law as an excuse to a violation of the FDCPA. If a defendant cannot do so … Well, but good faith seems to be raised a different issue. I mean, the defendant can violate the statute regardless of having good faith. In this case, the fee award depends upon a finding of bad faith on the part of the individual plaintiff. Should we attribute — counsel presumably had an assessment of this case. Should we attribute the counsel's ability to assess to the plaintiff and weigh plaintiff's good or bad faith based on what counsel might have known? Yes, Your Honor. We should. That was my second point on this, which is that the counsel is the agent of the lawyer for purposes of prosecuting the suit. And in a case called Fox v. Citicorp, decided by this Court in 1994, the Court held that when an attorney is acting as the agent of a client, the client is going to be vicariously liable for any FDCPA violations that the attorney makes. And so by the same token, if the plaintiff is pursuing a claim that has absolutely no legal merit and his counsel, who is an experienced consumer attorney, knows or should know this, the knowledge of that attorney has to be imputed to the plaintiff. Otherwise, there would be no deterrent effect. You would never be able to shift fees in any case unless a consumer was unrepresented. Well, and the statute says what it says. The statute could provide for awards against attorneys, but it doesn't. And so that's correct. Hyde v. Midland said that. So when we look at bad faith here, you acknowledge that it is the bad faith of the plaintiff that we have to weigh. Yes. But we have to look at what his agent, in this case his counsel, did. And that has to be imputed to him. Otherwise, there would be no teeth to this. There would be no preventing the filing of meritless lawsuits, because all you'd have to do is hire an attorney and both the lawyer and the client would be forever insulated. In some ways, that's the argument made in the amicus brief, which we haven't actually ruled on yet. But it strikes me that's an argument that belongs on Capitol Hill rather than here. I mean, the statute could be changed. And it may be that the provision here doesn't accomplish what it was set out to do, but it says what it says. Finally, on the point of bad faith, Your Honor, there's only one reasonable inference based on this record as to whether or not this claim was brought in bad faith, and the Court so found. I mean, here we have a collection complaint filed in March of 2008. In September of 2008, a collection complaint sought $1,100. It was settled for $950. Mr. Groves was the attorney that helped settle it. Six months later, the plaintiff turned around and sued the two people who had sued him in that same complaint. He had never raised this before. Now it's a federal court lawsuit, and we're splitting hairs over allegations that were  The claim had already been settled. The claim had already been settled. So the district court looked at that and properly said, I infer bad faith. I infer that the only reason you would subsequently file a complaint that had no legal merit is for bad faith and for purposes of harassment. I don't understand why. If there was a violation, let's just assume there's not a coverable violation, but there's an absolute violation in that complaint. And the guy settled it and felt that, you know, yes, I did owe $1,000, and I settled it for $500. Glad to get out of there. But in this complaint, let's say it was a collection agency and they did this all the time. You know, I really am mad. They violated the federal statute. And so I'm going to teach them a lesson, too. You can't go about harassing debtors. So I'm going to go after them. I found a violation. Why does that infer bad faith? Because, Your Honor, you have to combine that with the fact that there's absolutely no merit to the federal court complaint. Oh, okay. Not that you say there's no merit. You do have to find the two together. I believe that is true. And once you combine the two, which the district court did, that's the only reasonable inference, is bad faith and for purposes of harassment. And with that, I believe I'm over my time, unless there's other questions. Sir, we didn't have time to discuss the cases. The plaintiff pointed out to the district judge that the district judge didn't mention, which found that when you put it in a letter and you say you're going to be liable for this, that that's – that is a violation. Yes, Your Honor. And I thank you for coming back to that. I think that – No, no. We're through. We won't discuss that. We're well over. But I said I'm sorry. I won't have time to discuss that with you. Thank you, Your Honor. Thank you very much. Your Honor, I know my time is up, but I think you should follow up with the Court. Yes, you will. We'll give you a minute or so. Thank you, Your Honor. We generally do when we let the other side run over. Counsel. Counsel. The Court asked me a question concerning the verification of the complaint, or maybe I volunteered that in response to the Court's question. I spoke – not – and I'm sorry. I did not remember the actual complaint. If counsel says it was not verified, I don't have the complaint with me. I didn't have a chance to look at it. It is my customary practice and has been for many years to verify any complaint I file in any court, and it's verified by my client. If there was an oversight on this particular complaint or I didn't do it, I did not intend to mislead the Court, and I apologize profusely. Thank you, counsel. The case is argued to be submitted.
judges: Reinhardt, Clifton, Smith